**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EMIRO JOSE VALLADARE,

     Petitioner,

v.

DORA CASTRO, Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director of the El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,

     Respondents.

Case No. 2:26-cv-01502-MIS-JFR

**AMENDED ORDER DENYING WITHOUT PREJUDICE PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Emiro Jose Valladare's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed May 11, 2026. The Federal Respondents filed a Response on May 19, 2026 ("Response"). ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

**I.    Background**

Petitioner is a citizen of Venezuela who apparently entered the United States at the Juarez-El Paso border crossing on December 6, 2023. See Decl. in Support of Pet. for Writ of Habeas Corpus ("Valladare Decl."), ECF No. 1 at 10; Notice to Appear, ECF No. 1 at 12. He was not admitted or paroled after inspection by an Immigration Officer, was placed into removal

proceedings, was issued a Notice to Appear, and apparently was released on his own recognizance. See Notice to Appear, ECF No. 1 at 12. Petitioner has complied with all requirements of his release, has a valid work permit and Social Security number, and has filed a timely application for asylum. Valladare Decl., ECF No. 1 at 10; Appointment Notice for Application for Asylum and for Withholding of Removal, ECF No. 1 at 13; Receipt Notice for I-765 Application for Employment Authorization, ECF No. 1 at 16; Employment Authorization Card, ECF No. 1 at 17.

Nevertheless, on April 14, 2026, Petitioner was detained by local police on his way to work, taken into custody without explanation, and transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE"). Valladare Decl., ECF No. 1 at 10. He is currently detained at the Otero County Processing Center, in Chaparral, New Mexico.

On May 11, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus. ECF No. 1.

On May 19, 2026, the federal Respondents[1] filed a Response stating that on May 11, 2026, an Immigration Judge entered a "final order of removal" against Petitioner, found that Petitioner is "removable/inadmissible as charged in the Notice to Appear[,]" found that Petitioner "made no application(s) for relief from removal under 8 C.F.R. § 1240.11[,]" and ordered that Petitioner be removed to Venezuela. ECF No. 6 at 1. Respondents state that the Immigration Judge's Order indicates that Petitioner waived appeal. Id. Respondents argue that because Petitioner is subject to a final order of removal, he is subject to mandatory detention pending removal under 8 U.S.C. § 1231. Id. at 2.

---

[1]     The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

On May 20, 2026, Respondents filed a copy of the Immigration Judge's Order on the docket, which confirms Respondents' description of it.  ECF No. 8-1.

## II.    Discussion

Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3); see also Zadvydas v. Davis, 533 U.S. 678, 687 (2001).  Where the petitioner is subject to a final order of removal, detention is governed by Zadvydas, 533 U.S. at 682, and 8 U.S.C. § 1231.  The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order. Zadvydas, 533 U.S. at 682; see also 8 U.S.C. § 1231(a)(1).  "[D]uring the 90-day removal period, … [the noncitizen] must be held in custody."  Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)).  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  Id. at 683, 689; see 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable. Zadvydas, 533 U.S. at 701.  "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut th[e] showing" that the custody is unconstitutional.  Id.

Here, the Immigration Judge issued a Removal Order on May 11, 2026, ECF No. 8-1, and Petitioner waived appeal of said Order the same day, id. at 2.  Consequently, pursuant to 8 C.F.R. § 1241.1(b), Petitioner's Removal Order became final on May 11, 2026.  See Naghiyev v. Bondi, No. 2:25-cv-1313 MIS/DLM, 2026 WL 700064, at *3 (D.N.M. Mar. 12, 2026), report and recommendation adopted, Order Adopting Proposed Findings and Recommended Disposition, ECF No. 13, No. 2:25-cv-1313 MIS/DLM (D.N.M. Mar. 26, 2026).   "Courts routinely recognize

3

that waiver of appeal renders an IJ's removal order administratively final on the date of the waiver." Id. (citing Jumadar v. Castro, No. 2:26-cv-0159 KG/JMR, 2026 WL 392424, at *1 (D.N.M. Feb. 11, 2026); Hmung v. Bondi, No. 25-cv-1303-J, 2025 WL 3657221, at *3 (W.D. Okla. Dec. 9, 2025); Safari v. Warden, No. 3:26-cv-41 CCB/SJF, 2026 WL 507367, at *2 (N.D. Ind. Feb. 23, 2026); Zhe v. Green, No. 17-cv-7182 KM, 2017 WL 4407934, at *2 (D.N.J. Oct. 4, 2017)).

Because Petitioner is subject to a final order of removal, his detention is mandatory under 8 U.S.C. § 1231 for a period of 90 days—until August 9, 2026. See, e.g., Alvarez v. Blanche, Case No. 2:26-cv-00990-MIS-SCY, 2026 WL 1080368, at *1 (D.N.M. Apr. 21, 2026). Even after that date, Petitioner's detention is presumptively reasonable for another three months—until November 11, 2026. See id. As such, Petitioner's detention is not unlawful and the Court cannot order his release.

Petitioner is also not entitled to a bond hearing. See Gregorio v. Warden, Case No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to … orders of removal, meaning those aliens are not entitled to a bond hearing").

Because the Court cannot grant Petitioner relief at this time, the Court will deny the Petition without prejudice. Petitioner may file a new habeas petition under Zadvydas if his detention extends beyond the presumptively reasonable six-month period (i.e., after November 11, 2026) or if his detention otherwise becomes unlawful.

4

### III.     Conclusion

Therefore, it is **HEREBY ORDERED** that Petitioner Emiro Jose Valladare's Petition for

Writ of Habeas Corpus, ECF No. 1, is **DENIED WITHOUT PREJUDICE**.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE